**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| LAURA HOWERTON, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>DANA INCORPORATED; DANA THERMAL PRODUCTS, LLC,<br><br>Defendant. | Case No. 2:25-cv-13478-LVP-CI<br><br>Hon. Linda V. Parker<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## FIRST AMENDED CLASS ACTION COMPLAINT

In accordance with Federal Rule of Civil Procedure 15(a), Laura Howerton ("Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this Amended Class Action Complaint against Dana Incorporated and Dana Thermal Products, LLC (collectively, "Defendants" or "Dana"), alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendants, her employers for WARN Act purposes.

2. Defendants operate a facility located at 3600 Giddings Rd., Auburn Hills, MI 48326 ("Dana Facility"), where Plaintiff and those she seeks to represent worked.

3. Over the 90 days preceding the filing of the Complaint in this Action, upon information and belief, Defendants abruptly terminated several groups of employees, unilaterally and without proper notice to employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Dana Facility. Upon information and belief, Dana will continue mass layoffs through January 31, 2026.

4. Plaintiff was terminated on October 16, 2025, as part of a mass layoff without notice.

5. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendants on or around October 9, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below).

10. Plaintiff Laura Howerton is a citizen of the United States. Plaintiff was employed by Defendants at all relevant times at the Dana Facility. She was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of her termination.

11. Defendant Dana Incorporated is a Delaware corporation with a corporate headquarters located at 3939 Technology Drive, Maumee, Ohio 43537, but, upon information and belief, has not registered to do business in the State of Michigan. It can be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

12. Defendant Dana Thermal Products, LLC, is an Ohio limited liability company and subsidiary of Dana Incorporated, and can be served with process

through its registered agent, The Corporation Company, at 40600 Ann Arbor Rd. E., Suite 201, Plymouth, MI 48170.

13. Upon information and belief, Defendant Dana Incorporated wholly owns Dana Thermal Products, LLC, directed the operation of the Dana Facility, and directed the termination of employees without WARN notice here.

14. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

15. Defendants made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## **FACTS**

16. Plaintiff worked as a machine operator at the Dana Facility, where she was a full time employee.

17. On October 9, 2025, Dana notified Plaintiff of her termination, after having provided a WARN Act Notice to the Michigan Department of Labor and Economic Opportunity *the day prior*, on October 8, 2025.

18. In the October 8th letter, Dana indicated it is permanently closing the

Dana Facility, with layoffs of approximately 200 employees commencing October 9, 2025, and continuing through January 31, 2026.

19. Upon information and belief, Defendant Dana Incorporated and Dana Thermal Products, LLC, share common officers or directors.

20. Defendant Dana Incorporated retained full control over Dana Thermal Products, LLC, and collectively, the entities directed the termination of employees here, including Plaintiff, such that Dana Incorporated retains de facto control.

21. Defendant Dana Incorporated dictates the personnel policies for Dana Thermal Products, LLC, and retains control over all employment policies for Dana Thermal Products, LLC.

22. Defendant Dana Thermal Products, LLC's operations are part and parcel to Defendant Dana Incorporated's operation, which directly derives revenue from Dana Thermal Products, LLC's operations.

23. Under 20 C.F.R. § 639.3, Defendant Dana Incorporated and Dana Thermal Products, LLC, constitute a single employer and/or joint employer.

24. Until October 6, 2025, upon information and belief, the Dana Facility was running business as usual and employees had no indication that Defendants intended to reduce the workforce.

25. Upon information and belief, since October 9, 2025, Defendants have continued to lay off workers.

26. Defendants did not provide WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

27. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

28. By failing to provide its affected employees who were temporarily or permanently terminated on or around October 9, 2025, with WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days October 9, 2025.

30. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class, and her claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

31. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because

adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

32. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

33. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
## (WARN Act)
## (*On behalf of Plaintiff and the putative class*)

34. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

35. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1). Collectively, they operate as a single entity and/or joint employers, within the meaning of 20 C.F.R. § 639.3.

36. Plaintiff and those she seeks to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

37. The October 9, 2025 terminations, and ongoing permanent terminations at the Dana Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

38. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Dana Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as her home base, the place from which her work was assigned, and the place to which they reported for work.

39. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

40. On information and belief, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those she seeks to represent, as that term is defined in 29 U.S.C

§ 2101(a)(5). Upon information and belief, as of this filing, Defendants have still failed to provide the requisite notice to affected employees.

41. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about October 9, 2025.

42. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

43. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

44. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

45. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

46. A declaration that Defendants violated the WARN Act;

47. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

48. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

49. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

50. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

51. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

52. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Respectfully submitted,

/s/ *E. Powell Miller*
E. Powell Miler (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com

J. Gerard Stranch, IV (TN Bar #23045)
Sam K Gladneu (MO Bar # 69094)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com
*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2025, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com